PAUL L. REIN, ESQ. (State Bar No. 43053)
CELIA MCGUINNESS, ESQ. (State Bar No. 159420)
CATHERINE CABALO, ESQ. (State Bar No. 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
PAMELA KOUSSA


ETHAN A. GLAUBIGER, Esq. (State Bar No. 157485)
LAW OFFICES OF ETHAN A. GLAUBIGER
740 Fourth Street, 2nd Floor
Santa Rosa, California 95404
Telephone: (707) 578-4505

Attorney for Defendants
CLAUDIA L. MARTINUCCI TRUST;
PARTICELLI TRUST; LAURA M. PARKER


UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA KOUSSA,<br><br>                       Plaintiff,<br><br>        v.<br><br>CLAUDIA L. MARTINUCCI TRUST;<br>PARTICELLI TRUST; LAURA M. PARKER<br>aka LAURA M. MARTINUCCI; and DOES 1-<br>10, Inclusive,<br><br>                       Defendants. | Case No. 3:15-CV-04140 MEJ<br><br>Civil Rights<br><br>**COURT-ENFORCEABLE<br>SETTLEMENT AGREEMENT AND<br>[PROPOSED] ORDER FOR<br>INJUNCTIVE RELIEF,<br>DAMAGES, AND ATTORNEY FEES,<br>LITIGATION EXPENSES, AND COSTS** |

1. Plaintiff PAMELA KOUSSA (sometimes "Plaintiff") filed a Complaint in this action on September 11, 2015, to obtain recovery of damages for her alleged discriminatory experiences, denial of access, and denial of her civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendants CLAUDIA L. MARTINUCCI TRUST, PARTICELLI TRUST, and LAURA M. PARKER aka LAURA M. MARTINUCCI (defendants sometimes referred to together as "Defendants"). Plaintiff has alleged that Defendants violated Title III of the ADA; sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 1220 Trancas St., Napa, California.

2. Defendants deny that any conditions at the subject property violate the ADA and California civil rights laws and specifically deny violations of Title III of the ADA; sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; and sections 19955 *et seq.* of the California Health & Safety Code.

3. Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Court-Enforceable Settlement Agreement and Order for the purpose of resolving injunctive relief, damages and attorney fees issues in this lawsuit without the need for protracted litigation.

**JURISDICTION:**

4. The Parties to this Court-Enforceable Settlement Agreement (hereinafter also "CESA") agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, and 54.3.

//

5.  In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this CESA and Order agree to entry of this CESA and Order to resolve all claims raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the Parties to this CESA and Order hereby agree and stipulate to the Court's entry of this CESA and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6.  This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief claims against Defendants that have arisen out of the subject Complaint.

7.  The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this CESA and Order.

   a) **Remedial Measures:** Defendants agree to complete the following:

   i) Provide a minimum of two fully accessible designated parking spaces, at least one of which is "van-accessible," in conformity with current California state Title 24 requirements and federal ADAAG requirements, as to location (closest to the Thai Kitchen restaurant), configuration, slope and side slope, pavement markings and posted signage, as such requirements are specified by code as of December 15, 2015; and

   ii) Maintain such accessible features in good condition and code compliance for a period of no less than 18 months.

- 3 -

b) **Timing of Injunctive Relief**: Defendants will complete all corrective work by June 1, 2016. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within five days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiff may seek enforcement by the Court. Defendants or their counsel will notify Plaintiff's counsel when the corrective work is completed, and in any case will provide a status report to Plaintiff's counsel no later than 90 days from the Parties' signing of this CESA and Order.

c) Defendants will notify Plaintiff in writing at the end of 90 days from the Parties' signing of this CESA and Order as to the current status of agreed-to injunctive relief, and every 60 days thereafter until all access is provided. If Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorneys' fees for any compliance work necessitated by Defendants' failure to keep this agreement. If the Parties disagree, such fees, if any, shall be set by the Court.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

8. Defendants agree to pay Plaintiff a total of $4,000 (Four thousand dollars) for Plaintiff's damages, and $12,951 (Twelve thousand, nine hundred fifty-one dollars) for Plaintiff's attorney fees, litigation expenses, and costs by check(s) payable to "PAUL L. REIN IN TRUST FOR PAMELA KOUSSA" to be delivered to Plaintiff's counsel's office, located at 200 Lakeside Drive, Suite A, Oakland, California 94612, no later than 12 noon, December 24, 2015, as to the $4,000 damages, and January 25, 2016, as to the $12,951 attorney fees, litigation expenses and costs.

//

**ENTIRE COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER:**

9. This CESA and Order constitutes the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written CESA and Order, shall be enforceable regarding the matters described herein.

**COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10. This CESA and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this CESA and Order during the period of the Court's jurisdiction of this CESA and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

11. Each of the Parties to this CESA and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this CESA and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this CESA and Order is signed. Except for all obligations required in this CESA and Order, the Parties intend that this CESA and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this CESA and Order. Therefore, except for all obligations required in this CESA and Order, this CESA and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this CESA and Order with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR**

**SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

12. Except for all obligations required in this CESA and Order, each of the Parties to this CESA and Order on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit. Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this lawsuit and settlement thereof.

**TERM OF THE COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND ORDER:**

13. This CESA and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this CESA and Order -- for a period of eighteen (18) months after the date of entry of this CESA and Order by the Court or until the injunctive relief contemplated by this Order is completed and all monetary settlement payments are made, whichever occurs later.

**SEVERABILITY:**

14. If any term of this CESA and Order is determined by any court to be unenforceable, the other terms of this CESA and Order shall nonetheless remain in full force and effect.

//

//

- 6 -

**SIGNATORIES BIND PARTIES:**

15.  Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this CESA and Order.  This CESA and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.
SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

12/18/2015  16:56  1-707-258-2474                    THE UPS STORE                #5634 P.002/002
DEC-18-2015 14:28 From:Rein Law Office   5108324787        To:17072582474          Page:2/2

1  Dated: December 18, 2015

          *Pamela Koussa*
2            Plaintiff PAMELA KOUSSA

3  Dated: December 22, 2015

4  By: _____
      for Defendant CLAUDIA MARTINUCCI TRUST
5

6  Dated: December 22, 2015

7  By: _____
      for Defendant PARTICELLI TRUST
8

9  Dated: December 22, 2015

10       LAURA M. PARKER aka
      LAURA M. MARTINUCCI

11

12 Approved as to form:

13 Dated: December 21, 2015       LAW OFFICES OF PAUL L. REIN

14

15       By: PAUL L. REIN, Esq.
16       Attorneys for Plaintiff
      PAMELA KOUSSA

17

18 Dated: December ___, 2015       LAW OFFICES OF ETHAN A. GLAUBIGER

19

20

21       By: ETHAN A. GLAUBIGER, Esq.
      Attorneys for Defendant
22       CLAUDIA L. MARTINUCCI TRUST;
      PARTICELLI TRUST; LAURA M. PARKER

23

24

25

26

27

28

- 8 -
COURT-ENFORCEABLE SETTLEMENT AGREEMENT FOR INJUNCTIVE RELIEF,
DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
Case No. 3:15-CV-04140 MEJ

**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

January 6, 2016
Dated: ~~December ___, 2015~~

_____
Honorable Maria-Elena James
United States Magistrate Judge

- 9 -

COURT-ENFORCEABLE SETTLEMENT AGREEMENT FOR INJUNCTIVE RELIEF,
DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
Case No. 3:15-CV-04140 MEJ

S:\CASES\MARTINUCCI TRUST\Settlement\Court-Enforceable Settlement Agreement.docx

## FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1, I hereby attest that on December __, 2015, I, Paul L. Rein, attorney with The Law Office of Paul L. Rein, received the concurrence of ETHAN A. GLAUBIGER in the filing of this document.

_____
Paul L. Rein

- 10 -

COURT-ENFORCEABLE SETTLEMENT AGREEMENT FOR INJUNCTIVE RELIEF,
DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS
Case No. 3:15-CV-04140 MEJ            S:\CASES\MARTINUCCI TRUST\Settlement\Court-Enforceable Settlement Agreement.docx